UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00511-MR

| | |
|---|---|
| FAITH SHERRIE STREETER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>FNU HARRIS, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

**I.   BACKGROUND**

Pro se Plaintiff Faith Sherrie Streeter ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Anson Correctional Institution ("Anson CI") in Polkton, North Carolina. On September 28, 2022, she filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Harris, identified as a Captain at Anson CI; and FNU Rivers and FNU Guild, identified as Sergeants at Anson CI; all in their individual and official capacities. [Doc. 1 at 1-2]. Plaintiff alleges as follows.

On July 31, 2022, at approximately 5:25 p.m., Plaintiff was extracted from her cell in A pod, Hoke Unit, for flooding her cell. [Id. at 3]. Defendant Rivers handcuffed Plaintiff and placed her in the shower area. Defendant Rivers, assisted by other staff, retrieved Plaintiff's property from her cell. Defendants Rivers, Guild, and Harris and Officer Haye returned to the shower area and, after Haye told Plaintiff, "[D]on't try nothing stupid or we're going to fuck you up," Defendant Harris instructed Haye to deploy OC pepper spray into the shower on Plaintiff.[1] Defendant Rivers removed Plaintiff from the shower and Defendant Guild escorted Plaintiff to the nurses' station. On the way to the nurses' station, Defendant Guild pushed Plaintiff into a wall even though Plaintiff was not resisting. Once at the nurses' station and while Plaintiff was restrained, Defendant Guild twisted Plaintiff's arm behind her back. Defendant Guild and Plaintiff had some sort of altercation after which the nurse refused to assess Plaintiff. [Id. at 3]. Plaintiff was then placed in full restraints. She explained to Defendant Guild that she had an existing injury to her left shoulder and that Guild was causing her extreme pain by twisting Plaintiff's arm. Defendant Guild replied, "so what." Defendants Rivers and Guild escorted Plaintiff back to her pod and Defendant Guild

---

[1] For reasons not apparent from Plaintiff's Complaint, Plaintiff does not name Officer Haye as a Defendant.

again forced Plaintiff against the wall, falsely claiming that Plaintiff was trying to spit on her. Plaintiff was placed in an empty cell in A pod and left in full restraints without having been decontaminated. Plaintiff asked, "What about my shower? I have not been decontaminated!" Defendant Harris responded, "yes you have," and all staff exited the pod. [Id. at 4].

When the next shift arrived, Plaintiff told Sergeant Kendall that she had not decontaminated. Lieutenant Russel reviewed the footage from the incident and confirmed that Plaintiff had not decontaminated. Sergeant Kendall escorted Plaintiff to the shower and, once complete, Plaintiff was returned to her cell and her property was returned shortly after. [Id.].

Plaintiff claims that the alleged conduct violated her rights under the Eight Amendment due to the use of excessive force and cruel and unusual punishment. Plaintiff also seeks to state claims for negligence and conspiracy. [Id. at 2; see id. at 3-6]. For injuries, Plaintiff claims inflammation and temporary immobilization of her left shoulder due to prolonged restraint, "emotional duress" from having endured pepper spray on her face and arms, and extreme anxiety. [Id. at 6]. Plaintiff seeks monetary relief only. [Id. at 8].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims, therefore, do not survive initial review and will be dismissed.

### B. Eighth Amendment

To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312,

5

319 (1986). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in her favor, Plaintiff's Eighth Amendment claims based on the use of excessive force and cruel and unusual punishment survive initial review as not clearly frivolous.[2]

---

[2] The Court will allow Plaintiff's negligence claim, which is based on the same conduct as Plaintiff's cruel and unusual punishment claim – that is, leaving Plaintiff in full restraints

6

Case 3:22-cv-00511-MR   Document 10   Filed 11/09/22   Page 6 of 9

## C. Conspiracy

To establish a civil conspiracy under § 1983, a plaintiff must show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see Hafner v. Brown, 983 F.2d 570, 576 n. 6 (4th Cir. 1992). An essential element in any conspiracy to deprive the plaintiff of her constitutional rights is an agreement to do so among the alleged co-conspirators. Ballinger v. North Carolina Ag. Extension Serv., 815 F.2d 1001 (4th Cir. 1987). Without such a meeting of the minds, the independent acts of two or more wrongdoers does not amount to a conspiracy. Murdaugh Volkswagen v. First Nat'l Bank, 639 F.2d 1073 (4th Cir. 1981). Where the complaint makes only conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint. See Woodrum v. Woodward County Okl., 866 F.2d 1121 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804 (5th Cir. 1981). General allegations that defendants entered into an agreement, without sufficiently alleging plausible grounds to infer such an

---

and not decontaminated after having been pepper sprayed for some hours, to survive initial review at this early stage of the proceedings. [See Doc. 1 at 5].

agreement, fail to state a § 1983 conspiracy claim. <u>Wiggins v. 11 Kew Garden Court</u>, 497 F. App'x 262 (4th Cir. 2012).

Plaintiff here claims Defendants "all conspired to violated [her] rights on 7/31/2022 when they all conspired to deny [her] right to decontamination." [Doc. 1 at 5]. Taking Plaintiff's allegations as true and construing all inferences in Plaintiff's favor, Plaintiff's conspiracy claim is not clearly frivolous and survives initial review.

## IV. CONCLUSION

In sum, Plaintiff's Complaint survives initial review except for Plaintiff's official capacity claims, which will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment, negligence, and conspiracy claims against Defendants in their individual capacities pass initial review in accordance with the terms of this Order. Plaintiff's official capacity claims are **DISMISSED**.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**

Signed: November 9, 2022

Martin Reidinger
Chief United States District Judge