# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:22-cv-00511-MR

| | | |
|---|---|---|
| **FAITH SHERRIE STREETER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **FNU HARRIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on its own motion.

On January 9, 2023, the NCDPS filed a document under seal indicating it was unable to procure a waiver of service for Defendant FNU Rivers and Defendant FNU Guild for the reasons stated in that document. [Doc. 16]. The sealed document provides the last known addresses for these Defendants, as well as these Defendants' true full names, which the Court will direct the Clerk to substitute in the docket in this matter.[1]

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an

_____

[1] The Court will also instruct the Clerk to substitute the true full name of Defendant FNU Harris as provided in the recently filed Waiver of Service. [See Doc. 15].

incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite requests for waivers of service having been submitted to the NCDPS, no waivers from Defendants Rivers or Guild were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on these Defendants, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 16 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Rivers and Guild.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of Court issue redacted Summonses for Defendants Charles Rivers and Katelyn Guild. The Clerk will send the redacted Summonses, a copy of this Order, the Complaint [Doc. 1], and Docket No. 16 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Charles Rivers and Katelyn Guild in accordance with Rule 4.

The Clerk is respectfully instructed to substitute the true full names of FNU Rivers as Charles Rivers, FNU Guild as Katelyn Guild, and FNU Harris as Ronald Harris.

**IT IS SO ORDERED**.

Signed: January 16, 2023

Martin Reidinger
Chief United States District Judge